**CIVIL ACTION NO. 18-35-DLB-CJS**

**JUSTICIA RIZZO**                                                              **PLAINTIFF**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**ROBERT L. WILKIE, JR., Secretary[1]**
**of Department of Veterans Affairs**                          **DEFENDANT**

* * * * * * * * * *

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 16).

Plaintiff, proceeding *pro se,* has filed a Response, which was supplemented. (Docs. # 21

& # 24).[2]  Defendant has filed his Reply. (Doc. # 22).  Therefore, the motion is ripe for

review.  For the reasons set forth below, Defendant's Motion will be **granted**.

---

[1] The Defendant identified in Plaintiff's Complaint filed March 9, 2018 was David J. Shulkin, who was then Secretary of Department of Veteran Affairs.  However, the current Secretary is now Robert L. Wilkie, Jr.  Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Wilkie, as successor Secretary of Department of Veteran Affairs, is automatically substituted as the Defendant in this case.

[2] Plaintiff Rizzo has filed three actions with this Court regarding her 2008 to 2016 employment with the Department of Veterans Affairs:  Case No. 2:17-cv-95-DLB-CJS ("Rizzo I"), filed June 12, 2017; Case No. 2:18-cv-35-DLB-CJS ("Rizzo II"), which is the within action filed March 9, 2018; and Case No. 2:18-cv-135-DLB-CJS ("Rizzo III"), filed July 25, 2018.  In the August 14, 2018 Order entered in this case (Doc. # 20), the Court noted that Plaintiff had inadvertently filed her construed Response to Defendant's Motion to Dismiss in the wrong action, Case No. 2:17-cv-95, and ordered the filing be stricken in that case and instead filed by the Clerk in the within action, now filed at Docket Entry 21.  Pursuant to the August 14, 2018 Order, Plaintiff also refiled this construed Response on September 5, 2018, using the correct case number. (Doc. # 24).  Docket Entry 24, Plaintiff's refiling, is identical to Docket Entry 21 with the exception of an Addendum, wherein Rizzo asserts what appears to be a claim for discrimination based on disability. Rizzo also includes duplicate copies of certain exhibits. The Court refers to both Docket Entry 21 and Docket Entry 24 as Plaintiff's construed Response because Plaintiff, rather than titling the document as her Response, titled it her Motion to Oppose the Agency Motion to Dismiss. However, a litigant is not required to move in order to oppose a motion.  Instead, the correct procedural filing is to directly file a response opposing a motion.  *See* LR 7.1(c) ("[A] party

# I.    Factual/Procedural Overview

As explained in footnote 2, Plaintiff has filed three actions with this Court with respect to her employment with the Cincinnati Department of Veterans Affairs:  Case No. 2:17-cv-95-DLB-CJS ("Rizzo I"), filed June 12, 2017; Case No. 2:18-cv-35-DLB-CJS ("Rizzo II"), which is the within action filed March 9, 2018; and Case No. 2:18-cv-135-DLB-CJS ("Rizzo III"), filed July 25, 2018.[3]   In view of the somewhat convoluted procedural history of the three cases, some limited discussion of the collective factual background of these three actions is necessary to properly address the current Motion to Dismiss.

Plaintiff Rizzo worked for the Cincinnati Department of Veterans Affairs ("VA") as an Administrative Assistant at the VA's Fort Thomas Community Living Center ("CLC"). (*Rizzo I*, Doc. # 13, at 1; Doc. # 13-1, at 4).  Plaintiff also served as the time keeper for the CLC, and Union Steward.  (*Rizzo I*, Doc. # 13-1, at 5; Doc. # 22, at 2).  Plaintiff provides that as a Union Steward, she has represented other employees in EEOC cases against the Cincinnati VA. (*Rizzo I*, Doc. # 13, at 4).

Plaintiff was first terminated from her position with the VA in December 2008. (*Rizzo I, id.* at 3; Doc. # 22, at 2). Subsequently, Plaintiff filed a complaint with the Office of Resolution Management of the EEOC and asserted that the termination resulted because she filed an official complaint with the VA after being harassed by a co-worker.

_____

opposing a motion must file a response within 21 days of service of the motion.").  Therefore, Plaintiff's Motion to Oppose the Agency Motion to Dismiss (Doc. # 24) will be denied as procedurally improper, although the filing is also construed as Plaintiff's refiling of her Response to Defendant's Motion to Dismiss, with supplement.

[3] Case No. 2:17-cv-95 (Rizzo I) and Case No. 2:18-cv-135 (Rizzo III) were recently consolidated by the Court, pursuant to an unopposed Motion to Consolidate filed by the Defendant Secretary.

(*Rizzo I*, Doc. # 13, at 1-2, 3; Doc. # 13-1, at 30).  In March 2010, the parties entered into a settlement agreement regarding the 2008 termination, wherein they agreed Plaintiff would be reinstated to her position of Administrative Assistant at the CLC.  (*Rizzo I*, Doc. # 13, at 13; Doc. # 13-1, at 30-32; Doc. # 22, at 2).

Following reinstatement, around June 2010 the Plaintiff filed a second complaint with the EEOC after additional alleged harassment by a co-worker.  (*Rizzo I*, Doc. # 13, at 1, 3; Doc. # 22, at 2).  This complaint was also resolved via settlement agreement in November 2011. (*Rizzo I*, Doc. # 13-1, at 34-36).  The agreement indicates that following the filing of her June 2010 complaint, Plaintiff had been issued a 14-day suspension in August 2011. (*Rizzo I, id.* at 34).  Neither agreement is the subject of litigation currently before this Court. The record indicates that Plaintiff filed an additional formal complaint with the EEOC on January 6, 2011 (*id.* at 39) alleging harassment by a co-worker, and a complaint with the Office of Resolution Management in 2012. (*Rizzo I*, Doc. # 13, at 5).

The lawsuit filed by Plaintiff in June 2017 as Case No. 2:17-cv-95 (*Rizzo I*) arises out of events occurring from September 2012 through March 2014.  (*Id.* at 2).  In February 2013, Plaintiff filed a formal complaint with the EEOC (*id.* at 5; Doc. # 13-1, at 23; Doc. # 22, at 3), wherein she alleged the VA discriminated against her based on race, national origin, sex, and reprisal for prior protected activity.  (*Rizzo I*, Doc. # 13-1, at 23-24).  The alleged discrimination was based on acts that allegedly began to occur in 2012 and continued through 2013.  (*See id.* at 24).  The ALJ assigned to Plaintiff's case held a hearing on July 9, 10, and 11, 2014, and issued a decision on September 8, 2014, finding that Plaintiff had failed to establish a prima facie case of harassment or retaliation, and further had failed to prove that the VA subjected her to the discrimination alleged.  (*Rizzo I*, Doc. # 13-1, at 8).  Plaintiff timely filed an appeal, and the EEOC issued its decision on

3

November 3, 2016, finding in favor of the VA. (*See id.* at 4-15). However, the Commission did find per se retaliation with respect to a proposed 30-day suspension issued to Plaintiff. (*Id.* at 23-24). Plaintiff requested reconsideration of the appeal, which was denied on March 7, 2017. (*Id.* at 25, 27). Following the denial, Rizzo initiated *Rizzo I* on June 12, 2017, and filed an Amended Complaint in that case on September 19, 2017, alleging various Title VII claims. (*Rizzo I*, Docs. # 1 & 13).

Following the filing of her initial February 2013 complaint with the EEOC, and prior to a final decision, Plaintiff was placed on administrative leave in March 2014. (*Rizzo I*, Doc. # 13, at 8; Doc. # 22, at 4). Defendant provides this decision was made because between December 2013 and February 2014 Plaintiff was involved in multiple altercations on VA premises, one of which resulted in a conviction of disorderly conduct. *See United States v. Rizzo*, No. 1:14-cr-124, 2015 WL 1475114 (S.D. Oh. Mar. 31, 2015); (*Rizzo I*, Doc. # 22, at 4). Plaintiff asserts that she remained on leave until October 2014, when her employment was terminated. (*See Rizzo I*, Doc. # 13, at 9; *Rizzo II*, Doc. # 2, at 2).

Plaintiff provides that following her termination in October 2014, she filed a timely appeal with the EEOC Merit Systems Protection Board ("MSPB"). (*Rizzo II*, Doc. # 2, at 2, 4). Plaintiff alleges that the MSPB ALJ declared her a whistleblower, imposed a 3-day suspension in lieu of termination, and ordered that she be reinstated in March 2016. (*Id.* at 2). However, Plaintiff provides that the MSPB ALJ did not find the Agency responsible for any alleged retaliation. (*Id.* at 8). Rizzo asserts that this was because the Agency representatives lied under oath claiming not to have knowledge of her whistleblower activity. (*Id.*). Plaintiff alleges that following her reinstatement she was subjected to further discrimination and retaliation. (*Id.* at 3, 5). Specifically, Plaintiff alleges that "the VA ordered the Petitioner to come to work despite not issuing a badge or computer access

4

and waiting nearly [two] months before paying her. The Agency [s]ubmitted paperwork indicating that they had reinstated her to her position as an Administrative Assistant" within the same department, however, she alleges she was involuntarily reassigned to the PTSD clinic even though her former position still existed. (*Id.* at 3, 5). The record shows that in April 2016, Plaintiff was reassigned as an Administrative Assistant in research in the "Trauma Recovery Center (commonly referred to as PTSD clinic)." (*Rizzo II*, Doc. # 16-3, at 4). Rizzo asserts that her new position required her to undergo additional training, did not equate to her previous duties, and stripped her of "all grade leveling duties and assignments." (*Rizzo II*, Doc. # 2, at 5). She asserts that the Agency falsified documents to make it appear that she was reinstated to a position with a similar description. (*Id.*) She alleges that she requested transfers and applied to other open positions within the VA but was denied. (*Id.*at 6). Rizzo asserts that her employer "deliberately orchestrated an administrative scheme to place her in a position she did not want, in order to provoke her, create an atmosphere for a constructive discharge and/or a hostile work environment." (*Id.* at 5).

Once Plaintiff was relocated to the PTSD clinic, she failed to perform almost any task because she objected to the reassignment. (*See Rizzo II*, Doc. # 16-2, at 11-12; Doc. # 16-3, at 4). Plaintiff further admits that she began to repeatedly call in sick to work as a result of depression. (*Rizzo II*, Doc. # 2, at 6). On July 12, 2016, Plaintiff's supervisor suspended Rizzo for 10 days following an email sent in May 2016 in which the Plaintiff refused to perform an assigned task. (*Rizzo II*, Doc. # 16-3, at 5-6). On September 9, 2016, Plaintiff's supervisor suspended her for an additional 14 days on the basis that Plaintiff had failed to perform required training and sent emails deemed to be

inappropriate.  (*Id.* at 6-8).  On November 18, 2016, Rizzo's employment was terminated.  (*Rizzo II*, Doc. # 16, at 1; *see Rizzo III*, Doc. # 2, at 5).

Plaintiff's reassignment and subsequent suspensions form the basis of *Rizzo II*, the instant action, in which Plaintiff seeks review of a final decision issued by the EEOC on February 6, 2018, addressing these actions.  (*See Rizzo II*, Doc. # 2, at 1, 11-12).  Following her September 2016 suspension, Plaintiff "attempted to file a complaint with the Office of Special Counsel (OSC) . . . [however,] due to an OSC error her new allegations were added to a previous complaint filed in 2014." (*Rizzo II*, Doc. # 16-3, at 8).  On May 21, 2017, Plaintiff filed an individual right of action with the MSPB, asserting violations of the Whistleblower Protection Act and Whistleblower Protection Enhancement Act when she was involuntarily reassigned and issued the subsequent suspensions.  (*Id.* at 3-4).

The termination of Plaintiff's employment in November 2016 forms the basis of *Rizzo III*, in which Plaintiff seeks review of a final decision issued by the EEOC on June 13, 2018 regarding the removal from employment.[4]  (*See Rizzo III*, Doc. # 2, at 1; Doc. # 2-1, at 52-56).  Rizzo filed a timely administrative appeal from the Agency's termination of her employment on December 14, 2016. (*Rizzo III*, Doc. # 2-1, at 58).  Pursuant to her request, the Plaintiff's December 2016 appeal to the MSPB was consolidated for hearing with her action filed May 21, 2017, concerning her 2016 suspensions.  (*Id.* at 57; *Rizzo II*, Doc. # 16-2, at 1-2).  A combined hearing was held on the appeals on October 23, 25, 26 and November 6-7, 2017. (*Rizzo II,* Doc. # 16-2, at 2; *Rizzo III*, Doc. # 2-1, at 57-58).

---

[4] Plaintiff provides that she seeks review of the decision issued by the EEOC on June 18, 2018.  However, no decision issued by the EEOC concerning Rizzo was issued on June 18, 2018, and, further, Rizzo attaches a copy of the decision in question, dated June 13, 2018. (*Rizzo III*, Doc. # 2-1, at 55).

The MSPB, acting without a quorum, subsequently issued a separate decision in each appeal. On November 16, 2017, addressing the May 2017 action directed to Plaintiff's reassignment and subsequent suspensions, the MSPB found that the VA did not violate the Whistleblower Protection Act or the Whistleblower Protection Enhancement Act. *Rizzo v. Dep't of Veterans Affairs,* No. CH-1221-17-0365-W-1, 2017 WL 5569384 (Merit Systems Protection Board Nov. 16, 2017); (*Rizzo II*, Doc. # 2, at 11; Doc. # 16-3). On January 21, 2018, Plaintiff filed a petition with the EEOC seeking review of the MSPB's decision. On February 6, 2018, the EEOC declined to consider the case because it involved only whistleblower issues and not discrimination. (*Rizzo II*, Doc. # 2, at 11). The MSPB decision provides that it became final on December 21, 2017, unless a petition for review with the Board is filed (*Rizzo II*, Doc. #16-3, at 14), and Plaintiff subsequently filed her Complaint with this Court in the instant case (*Rizzo II*) on March 9, 2018. (*Rizzo II*, Doc. # 2).

In that Complaint, Rizzo alleges one count of retaliation for her whistleblower activities, and a claim of intentional infliction of emotional distress because the Agency required her to do the assigned duties in the PTSD Clinic even though she was not hired for that position and did not want to work in that department. (*Id.* at 6, 8). Specifically, she asserts that she suffered from a debilitating mental state as a result of the Agency's alleged retaliation. (*Id.* at 9). Rizzo further alleges the Agency failed to act in "good faith and fair dealings." (*Id.* at 7). Plaintiff asserts that this Court has jurisdiction under the False Claims Act and seeks an award of compensatory damages under the Whistleblower Protection Act and Whistleblower Protection Enhancement Act, punitive damages, as well as a permanent injunction against future acts of retaliation. (*Id.* at 3, 9). Plaintiff's Complaint named the Secretary of the Department of Veterans Affairs, as well as

individual Agency employees of the Department of Veterans Affairs. However, on March 26, 2018, the Court *sua sponte* dismissed Rizzo's claims against the individually named agency employees pursuant to 42 U.S.C. § 2000e-16(c). (*See Rizzo II*, Doc. # 10).

As for Plaintiff's December 2016 appeal based upon the November 2016 termination of her employment, the MSPB issued its decision on January 9, 2018 (*Rizzo III*, Doc. # 2-1, at 57-104), in which the ALJ found that, although Plaintiff did make one protected disclosure as a whistleblower, she failed to prove that the disclosure was a contributing factor in her removal. *Rizzo v. Department of Veterans Affairs*, No. CH-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-I-2, 2018 WL 400535 (Merit Systems Protection Board Jan. 9, 2018). Ultimately, the ALJ found that the penalty of termination of employment was reasonable and affirmed the VA's action. On March 13, 2018, Plaintiff timely filed a petition with the EEOC asking for review of the MSPB's decision. (*Rizzo III*, Doc. # 2-1, at 52). On June 13, 2018, the EEOC concurred with the MSPB's decision and found that the VA "articulated legitimate, nondiscriminatory reasons for its actions, namely, that Petitioner was terminated because she refused to do the work assigned to her." (*Id.* at 54). The EEOC decision alerted Rizzo that she may file a civil action in an appropriate United States District Court based on the decision of the MSPB within thirty days of her receipt of its decision. (*Id.*) Rizzo subsequently filed her Complaint in Case No. 2:18-cv-135 (*Rizzo III*) on July 25, 2018. (*Rizzo III*, Doc. # 2). Therein, she asserts claims for retaliation (Count I), disparate treatment (Count II), hostile work environment (Count III), and further alleges the ALJ originally assigned to her MSPB claim erred in judgment. (*Id.*, at 7, 10-11).

## II.    Defendant's Motion to Dismiss

On June 25, 2018 Defendant Secretary, through counsel, filed a Motion to Dismiss in lieu of filing an answer. (Doc. # 16). In his Motion, Defendant asserts this Court lacks

jurisdiction to hear Plaintiff's claims because the U.S. Court of Appeals for the Federal Circuit has exclusive jurisdiction over review of final decisions issued by the MSPB. (Doc. # 16-1, at 2) (citing 5 U.S.C. § 7703(b)(1)(A)). Defendant concedes that "mixed cases" involving both whistleblower and discrimination claims can be heard by a federal district court. However, he asserts this exception does not apply when discriminatory conduct is not alleged by the plaintiff and "the gravamen of [Plaintiff's] complaint surely is its narrative of whistleblowing and subsequent retaliation against her[.]" (Doc. # 16-1, at 3) (citing *Gibbs v. Jewell*, 36 F. Supp. 3d 162, 167-68 (D.D.C. 2014)).[5] He argues Plaintiff failed to set forth any evidence of discrimination during the administrative proceedings, "other than the occasional unsupported statement of her belief that her race somehow contributed to retaliation[.]" (*Id.*). He notes that the EEOC's decision that Rizzo's claim did not constitute a "mixed case" is also persuasive. (*See* Doc. # 2, at 11).

Defendant's Motion to Dismiss further argues that to the extent Plaintiff's case could be interpreted as appealing the denial of review by the EEOC, the result would be the same, as Rizzo has not pointed to any additional evidence that would justify reversal of the EEOC's decision that this is not a mixed case. (Doc. # 16-1, at 2 n.2). Further, he asserts even if the Court were inclined to consider jurisdiction over the case, Plaintiff's Complaint fails to state a claim under the False Claims Act, fails to state a claim based

---

[5] In *Gibbs*, the plaintiff filed suit in district court alleging she "suffered various acts of retaliation" after she had pursued those claims through the MSPB administrative process. *Gibbs*, 36 F. Supp. 3d at 163, 165. The Government argued the court lacked jurisdiction to hear plaintiff's claims because she alleged no discriminatory conduct on part of the defendants and jurisdiction lied with the Federal Circuit. *Id.* at 167. The court held that although the plaintiff references the concept of a mixed case, she did "not argue that discrimination played any role in the course of events" at issue in the case and the "gravamen of [her] complaint surely is its narrative of whistleblowing and subsequent retaliation[.]" The court further noted in granting the motion to dismiss that the plaintiff had "litigated her claims as whistleblower claims – not as mixed claims – throughout the course of her proceedings before the MSPB." *Id.* at 167-68.

upon the Agency's alleged failure to engage in "good faith and fair dealings," and fails to state a claim for intentional infliction of emotional distress. (*Id.* at 3). He argues Rizzo can make no showing as to how contract law applies in this situation, and she has not alleged that she exhausted her administrative remedies for purposes of any tort claim. (*Id.* at 3-4).

In response, Rizzo states she "wishes to AMEND this instant case to introduce the mixed motive analysis involving both" whistleblower and discrimination claims and alleges facts which would tend to support a discrimination claim. (Doc. # 21-1, at 13, 15). She goes on to argue, however, that the initial MSPB decision in this case "was actually a *mixed case* claim involving allegations of discrimination for which the MSPB did *not* rule" on the discrimination matters, "but ultimately declared her a whistleblower[.]" (Doc. # 21-2, at 15, 16). Further in response, Plaintiff argues that the ALJ "did not decide on both cases at the same time however the joinder of the claims gave rise to the mixed case analysis[.]" (Doc. # 21-1, at 14). Plaintiff agrees in her response that judicial review of a "final decision of the Board falls within the exclusive jurisdiction of the Federal Circuits." (Doc. # 21-1, at 13). However, she argues that she has not received a "final order" by the Board but rather a Bench Decision. (*Id.*). Additionally, Plaintiff argues that "she has a right to seek review in [f]ederal [c]ourt as a result of following the procedures outlined in her appeal instructions and claims." (*Id.*, at 14). In the EEOC decision of which Plaintiff seeks review, the decision states "You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision." (Doc. # 2, at 12).

In his Reply, Defendant asserts that even if this case is "interpreted as only an appeal of the EEOC's decision not to consider the MSPB decision, the Complaint must be dismissed." Plaintiff attempted to appeal her MSPB initial decision to the EEOC pursuant to 5 U.S.C. § 7702(b)(1). (Doc. # 22, at 2). Defendant provides that for the EEOC to have jurisdiction to review a MSPB decision, the case must be "'mixed,' defined as affected by an action appealable to the MSPB and alleging discrimination." (*Id.* at 1) (citing 5 U.S.C. § 7702(a)(1)(A)-(B)). Defendant submits the EEOC declined to consider review of Rizzo's initial MSPB decision because it lacked jurisdiction to hear claims solely regarding whistleblower activities. (*Id.* at 2; Doc. # 2, at 11) (citing 5 U.S.C. § 7702(b)(2)). Defendant explains that the applicable statute does not provide for appeal of the EEOC's refusal to hear the case. Rather, the statute "does allow judicial review of the underlying MSPB decision only if the EEOC concurs with the MSPB." (Doc. # 22, at 2) (citing 5 U.S.C. § 7702(b)(5)(A), which provides that if an employee timely petitions the Commission for review of an MSPB decision and "[i]if the Commission concurs . . . in the decision of the Board, the decision of the Board shall be a judicially reviewable action." *See also* 5 U.S.C. § 7702(b)(1)). Defendant points out that Plaintiff has not cited any authority which provides her the right to appeal the decision of the EEOC to this Court. Thus, Defendant argues that even if the underlying MSPB decision were to be reviewed, jurisdiction would lie solely with the Federal Circuit. (*Id.*) (citing 5 U.S.C. § 7703(b)(1)(A)).

Defendant also argues that Rizzo acknowledges that she did not allege any discrimination initially to the MSPB in her request to amend her claim to a mixed case. (*Id.*). Defendant further asserts that Rizzo may not allege new claims as part of her appeal, and that the only evidence Rizzo offers to support her claim that this case is mixed is "a conclusory statement that she was a victim of unlawful discrimination." (*Id.*)

11

Defendant also addresses Plaintiff's argument that she received a bench decision and not a final order by the Board. Defendant points out that Plaintiff's MSPB decision sets forth the date in which the decision would become final unless a request for review of the decision is filed by that date. (*Id.*). The relevant MSPB decision was issued on November 16, 2017 (*see* Doc. # 16-3), which decision states the decision would become final on December 21, 2017 "unless a petition for review is filed by that date." (Doc. # 21, at 2; Doc. # 16-3, at 14). Defendant provides that Plaintiff did not file her request for EEOC review until January 21, 2018 (*see* Doc. # 2, at 11), and submits the MSPB decision thus became final on December 21, 2017. (Doc. # 21, at 2).

## III. Analysis

### A. Rizzo's underlying MSPB action was not a mixed case.

Defendant asserts that this Court lacks jurisdiction to hear Plaintiff's claims because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over review of final decisions issued by the Merit Systems Protection Board. (Doc. # 16-1, at 2). While Defendant concedes that "mixed cases" that involve both whistleblower and discrimination claims can be heard by a federal district court, he asserts that the decision Rizzo is appealing is not "mixed" because it only concerns claims of whistleblowing and retaliation. (*Id.* 2-3). For the reasons that follow, the Court agrees.

Before a claim brought pursuant to the WPA can be heard in federal court, "the plaintiff must exhaust administrative remedies set forth by the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.*" *Manning v. McDonald*, No. 3:16-cv-00706, 2016 WL 8254929, at *3 (M.D. Tenn. Nov. 9, 2016), *report and recommendation adopted by* 3:16-cv-00706, 2017 WL 587979 (M.D. Tenn. Feb. 13, 2017). Under the act, an employee may choose to pursue different remedies, including, as Rizzo did here, seeking

assistance from the OSC. *Id.* at *3-4. "[A]n employee who believes she has been the victim of unlawful retaliation may seek assistance from the OSC." *Id.* (citing 5 U.S.C. § 1214(a)(3)). Where an employee asserts violations of "5 U.S.C. § 2302(b) or § 2302(b)(9)(A)(i), (B), (C), or (D), and the Special Counsel has either terminated the investigation or has not timely investigated the complaint, the employee may file an individual right of action with the MSPB under § 1221." *Id.* at *4 (citing 5 U.S.C. §§ 1214(a)(3); 1221(a)). Here, Rizzo attempted to file a complaint with the OSC following her 2016 suspension, however, due to an error her allegations were mistakenly added to a previous complaint filed in 2014. (Doc. # 16-3, at 8). Therefore, Rizzo filed an individual right of action ("IRA") with the MSPB. (*Id.*). The Board accepted jurisdiction to adjudicate Rizzo's claims. (*Id.* at 4).

Once the MSPB has issued a final order or decision on a case, an employee may seek judicial review of that decision but generally only in the Federal Circuit. *Id.* at *4 (citing 5 U.S.C. §§ 7703; 7703(b)(1)(A); 28 U.S.C. § 1295(a)(9)); *see also Liligdon v. McDonald*, No. 1:14-cv-02810, 2015 WL 3622408, at *4 (N.D. Oh. June 9, 2015) ("If an employee wishes to appeal the MSPB decision, the WPA allows the employee to obtain judicial review of the decision. However, only the United States Court of Appeals for the Federal Circuit, and not the district court, has jurisdiction to review MSPB decisions regarding retaliation claims." (citing 5 U.S.C. § 2302(b)(8)). The "MSPB decision must be appealed to the . . . Federal Circuit within sixty days of the decision becoming final." *Abell v. Dep't of Veterans Affairs*, No. 3:18-cv-532-CRS, 2018 WL 4471779, at *1 (W.D. Ky. Sept. 1, 2018) (citing 5 U.S.C. § 7703(b)(1)(A)). Moreover, if a petitioner has raised "pure whistleblower claims" then those may be appealed to the Federal Circuit or "any court of appeals with competent jurisdiction within 60 days" of a final decision as well. *Id.* (citing

5 U.S.C. § 7703(b)(1)(B)); *see also Gibbs v. Jewell*, 36 F. Supp. 3d 162, 166 (D.D.C. 2014) ("A final decision of the MSPB is appealable to the Federal Circuit . . . although certain whistleblower claims may also be appealed to any court of appeals."). A petitioner may appeal to a court of appeals with competent jurisdiction if they "have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D)." (*Id.* at 17). *See* 5 U.S.C. § 7703(b)(1)(B).[6]

An exception to this framework is "when an employee files a 'mixed case.'" *Liligdon*, 2015 WL 3622408, at *4. A mixed case occurs "where an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges the action was based on discrimination." *Abell*, 2018 WL 4471779, at *1 (W.D. Ky. Sept. 18, 2018) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (internal quotations omitted); *see also Ryan v. McDonald*, 191 F. Supp. 3d 729, 739 (N.D. Oh. 2016) ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [MSPB].") (citing 29 C.F.R. § 1614.302(a)(1)). "Actions appealable to the MSPB include, among other things, terminations, suspensions of more than fourteen days, and furloughs for thirty days or less." *Ryan*, 191 F. Supp. 3d at 739 (citing 5 C.F.R. § 1202.3(a)(1)). If an employee brings

---

[6] The MSPB decision here provides that it is the result of an IRA. (Doc. # 16-3, at 3). As noted above, "[w]here an employee seeks assistance for a perceived violation of 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D), and the [OSC] has either terminated the investigation or has not timely investigated the complaint, the employee may file an individual right of action with the MSPB under § 1221." *Manning*, 2016 WL 8254929, at *4. Therefore, by definition, Rizzo's IRA with the MSPB involves "pure whistleblower claims" and the Federal Circuit or any court of appeals with competent jurisdiction could hear this case pursuant to 5 U.S.C. § 7703(b)(1)(B). However, this point was not raised by either party.

a mixed case before the MSPB, the Board or ALJ makes an initial decision after a hearing, which is sent to all parties. *Ballard v. Tenn. Valley Auth.*, 768 F.2d 756, 762 (6th Cir. 1985). Before the designated final decision date, "either party may petition the Board for review." *Id.* However, if a plaintiff seeks review of a MSPB decision in a mixed case, they can do so by: 1) "filing a petition for administrative review of the MSPB's final decision with the EEOC within 30 days" or 2) "by filing a civil action in the appropriate district court within 30 days of the MSPB's final decision[.]" *Bailey v. Henderson*, No. 99-4082, 2000 WL 1434634, at *5 (6th Cir. Sept. 21, 2000) (citing 29 C.F.R. §§ 1614.303-.304; 5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614.310).

Here, despite her attempt to characterize it as such after-the-fact, Rizzo's case does not constitute a mixed case. As discussed herein, a mixed case occurs when an employee presents: 1) a personnel action serious enough to appeal to the MSPB, and 2) the alleged action was based on discrimination. For this Court to have jurisdiction then, Rizzo must have alleged the requirements of a mixed case before the MSPB. *See Dobbins v. Tenn. Valley Auth.*, No. 3:05-cv-78 (Shirley), 2007 WL 2509691, at *10 (E.D. Tenn. Aug. 30, 2007) ("[I]f the case before the MSPB raises no discrimination issues, then any judicial review must be sought in the United States Court of Appeal for the Federal Circuit.") (citing *Ballard*, 768 F.2d at 757 n.1). The relevant MSPB decision was issued on November 16, 2017,[7] and reflects that among the personnel actions Rizzo complained above, she included a 14-day suspension which occurred in 2016. (Doc. # 16-3, at 3).

---

[7] MSPB No. CH-1221-17-0365-W-1. The Defendant also attaches a separate MSPB initial decision, MSPB No. CH-0752-17-0121-I-2. (Doc. # 16-2). That action concerns Plaintiff's termination, rather than her reassignment and suspensions. These decisions reflect that these cases were joined for the purpose of a consolidated hearing. Following the consolidated hearing, the ALJ issued two separate decisions, each of which were appealed to the EEOC, which also issued separate decisions. Doc. #16-2 is more so related to *Rizzo III*, while Doc. # 16-3 is related to this case, *Rizzo II*.

Suspensions of more than 14 days are appealable to the Board and thus the first element is satisfied. *See Ryan*, 191 F. Supp. 3d at 739.

Rizzo must have also alleged during her MSPB case that her suspension was based on or stems from some type of discrimination. The relevant MSPB decision reflects that no discrimination issues were presented to the ALJ in relation to that case, rather she asserted the personnel actions by the VA were related to whistleblowing. (*See* Doc. # 16-3). Rizzo also attaches various MSPB filings and various decisions to her Response (Doc. # 21); however, review of these attachments reflects that these were filed in another case she has had before the MSPB and not in MSPB No. CH-1221-17-0365-W-1.

Additionally, Rizzo appealed her MSPB action to the EEOC, which declined her petition for review because her case was not mixed as there was "no indication that Petitioner's whistleblower activity involved allegations of employment discrimination." (Doc. # 2, at 11). Because the case was not mixed, the EEOC did not have jurisdiction to hear it. Courts have used an EEOC's declination as evidence to determine a plaintiff did not present a mixed case to the MSPB. *See Pletten v. Horner*, No. 88-2196, 1989 WL 150761, at *2 (6th Cir. Dec. 14, 1989); *Henry v. Peake*, No. 08 Civ. 6829, 2009 WL 4729932, at *6 (S.D.N.Y. Dec. 10, 2009) (determined MSPB decision was not mixed, noting that the "EEOC made it clear that the MSPB decision was not a mixed case" when the plaintiff tried to petition the EEOC for review). Therefore, because there is no evidence that Rizzo presented any discrimination issues to the Board in MSPB No. CH-1221-17-0365-W-1, this Court lacks jurisdiction to hear this case.

Rizzo presents several arguments as to why this Court should hear her case. First, she provides in her Response that she "wishes to AMEND this instant case to introduce the mixed motive analysis involving both" whistleblower and discrimination claims. (Doc.

# 21-1, at 13, 15).  But as discussed above, she must have presented any discrimination argument before the MSPB and cannot now assert discrimination in this case.  *See Wade v. McDonald*, No. 7:13-cv-394, 2014 WL 4667253, at *4 (W.D. Va. Sept. 18, 2014) (held that plaintiff did not present a mixed case although an "EEOC complaint and allegations made in [district] court included discrimination claims" because the plaintiff "made no such discrimination claim to the MSPB."); *see generally Thorne v. MSPB*, 681 F. App'x 923, 928 n.2 (Fed. Cir. 2017) ("To the extent [plaintiff] is attempting to assert a new claim for the first time on appeal, we decline to consider it.")  Rizzo also cites to the Third Circuit Court of Appeals case *Watson v. Southeastern Pennsylvania Transportation Authority*, 207 F.3d 207 (3d Cir. 2000), to discuss the "mixed-motive" doctrine under Title VII. However, the issue here is not whether Rizzo has presented a mixed motive under Title VII, but whether she presented a mixed case under 5 U.S.C. § 7702 so that this Court has jurisdiction to hear her claim.  The cases cited by Rizzo do not save her case.[8]

---

[8] Rizzo cites to numerous cases within her Response and provides a Table of Authorities (Doc. # 21-1, at 3-11) in support of her argument.  Within her memorandum, Rizzo cites to several cases and administrative decisions which address discrimination and Title VII arguments in support of her assertion that she was a victim of discrimination giving rise to a mixed case. (*See* Doc. # 16-1) (citing *Harvey v. Merit Systems Protection Board*, 802 F.2d 537 (D.C. Cir. 1986); *Cox v. City of Chicago*, 868 F.2d 217 (7th Cir. 1989); *Tarvesion v. Carr Division of TRW, Inc.*, 407 F. Supp 336 (D. Mass. 1976); *Scott v. Claytor*, 469 F. Supp. 22 (D.D.C. 1978); *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997); *Spring/United Management Co. v. Mendelsohn*, 552 U.S. 379 (2008); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burlington Northern and Santa De Ry. Co. v. White*, 548 U.S. 53 (2006); *Sarullo v. United States Postal Service*, 352 F.3d 789 (2003); *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975); *George v. Leavitt*, 407 F.3d 405 (D.D.C. 2005); *Aman v. Cort Furniture Rental Corporation*, 85 F.3d 1074 (3d Cir. 1996); *Harris v. Shelby Cty. Bd. of Educ.*, 99 F.3d 1078 (11th Cir. 1996); *Miles v. Dep't of Veteran Affairs*, 84 M.S.P.R. 418 (1999); *Savage v Dep't of the Army*, 122 M.S.P.R. 612 (2015); *Miller v. Dep't of the Interior*, 119 M.S.P.R. 438 (2013)).  While these cases discuss bringing discrimination claims or the merits of those claims, they do so in the context of such a claim being properly before the adjudicating body.  Moreover, Rizzo also cites to two MSPB decisions involving whistleblower claims. (*See id.*) (citing *Carey v. Dep't of Veterans Affairs*, 93 M.S.P.R. 676 (2003); *Special Counsel v. Santella,* 65 M.S.P.R. 452 (1994)).  However, these decisions relate to the merits of the MSPB's final decision in this case. The cases cited by Plaintiff do not address the issue here, being whether this Court has jurisdiction to review a final decision by the MSPB in the first place.

Second, Rizzo argues that her initial MSPB decision "was actually a mixed case claim involving allegations of discrimination for which the MSPB did not rule on[.]" (*Id.* at 15). She asserts that under the Supreme Court's decision in *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017), "the district court is the proper place for a federal employee to take his mixed challenge." (*Id.*) Rizzo is correct that a mixed case can be heard in a federal district court. However, Rizzo is confusing two separate MSPB actions. The record reflects that Rizzo had two MSPB actions pending at the same time, one in which she alleged whistleblower claims based on a reassignment of positions and suspensions, and another in which she challenged her termination in part based on alleged discrimination. (*Rizzo II*, Doc. # 16-2; Doc. # 16-3; *Rizzo III*, R. 2-1, at 52-53). In her Response, Plaintiff argues that the ALJ "did not decide on both cases at the same

Rizzo must have alleged discrimination before the MSPB in order to have a mixed case that can be heard by this Court.

Rizzo further includes in her Table of Authorities several cases which she does not cite to in her memorandum. Again, several of these cases address bringing a discrimination claim under applicable law, but do not address the issue of whether this Court has the jurisdiction to review her MSPB decision. (*Id.*) (citing *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747 (1976); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); *Crawford v. Metro. Gov't of Nashville and Davidson Cty., Tenn.*, 555 U.S. 271 (2009); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, (2000); Spagnuolo *v. Whirlpool Corp.*, 717 F.2d 114 (4th Cir. 1983); *Holcomb v. Powell*, 433 F.3d 889 (2006); *Hodgson v. Miller Brewing Co.*, 457 F.2d 221 (7th Cir. 1972); *Hicks v. Forest Pres. Dist. Ill.*, No. 9-C-261, 2010 WL 5313784 (N.D. Ill. Dec. 17, 2010); *Lander v. Lujan*, 888 F.2d 153 (D.C.Cir. 1989); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554 (11th Cir. 1997); *Davis v. Dep't of the Interior*, 114 M.S.P.R. 527 (2010); *Mahaffey v. Dep't of Agriculture*, 105 M.S.P.R. 347 (2007); Staib v. Barnhart, EEOC Appeal No. 01022011 (2003); Guess v. Jackson, EEOC Appeal No. 0720110029 (2012)). She also cites to cases which involve judicial and administrative review of MSPB or agency decisions (*Kerr v. Nat'l Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984); *Whitmore v. Dep't of Labor*, 680 F.3d 1353 (Fed. Cir. 2012); *Lizzio v. Dep't of the Army*, 534 F.3d 1376 (Fed. Cir. 2008); *Douglas v. Veterans Admin.* 5 M.S.P.B. 313 (1981); *Schnell v. Dep't of the Army*, 114 M.S.P.R. 83 (2010); *Holtgrewe v. F.D.I.C.*, 57 M.S.P.R. 307 (1993); *Singletary v. Dep't of the Air Force*, 94 M.S.P.R. 553 (2003); *House v. U.S. Postal Serv.*, 80 M.S.P.R. 138 (1998); *Special Counsel v. Brown*, 61 M.S.P.R. 559 (1994); *Jefferson v. U.S. Postal Service*, 73 M.S.P.R. 376 (1997); *Ignacio v. U.S. Postal Service*, 30 M.S.P.R. 471 (1986) (enforcement dismissed by 36 M.S.P.R. 571 (1988); *Pastor v. Dep't of Veterans Affairs*, 87 M.S.P.R. 609) (2001)). However, these cases are of no help to Rizzo, as they were properly brought before the correct court or board and do not address whether this Court has jurisdiction.

time however the joinder of the claims gave rise to the mixed case analysis[.]" (Doc. # 21-1, at 14). Yet, the record reflects that at Plaintiff's request, only a consolidated hearing was held on these cases, and, subsequently, the MSPB entered two separate decisions. (Doc. # 16-2; Doc. # 16-3). Rizzo asked the EEOC to review each of these decisions. (Doc. # 2, at 11; *Rizzo III*, Doc. # 2-1, at 55). In this case, she is seeking review of the EEOC decision issued on February 6, 2018 concerning her MSPB initial decision, MSPB No. CH-1221-17-0365-W-1, which was issued on November 16, 2017. (Doc. # 2, at 11; Doc. # 16-3). Although the consolidated hearing may have involved both discrimination and whistleblowing issues, the MSPB decision issued on November 16, 2017 (Doc. # 16-3), concerning her reassignment and suspensions which is at issue in this Motion only involved whistleblower claims. The other MSPB decision based on her termination is related to *Rizzo III*.

Third, Plaintiff argues that "she has a right to seek review in [f]ederal [c]ourt as a result of following the procedures outlined in her appeal instructions and claims." (Doc. # 21-1, at 14). In the relevant EEOC decision, it states "You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision." (Doc. # 2, at 12). Although Rizzo did receive a right to sue notice from the EEOC, "only Congress, not the EEOC, can determine a lower court's subject matter jurisdiction." *Wilborn v. Napolitano*, No. 11-cv-2252-IEG (RBB), 2012 WL 354494, at *3, 4 (S.D. Cal. Feb. 2, 2012) (held that a "Plaintiff's right to sue notice from the EEOC [could not] expand the limited grant of federal court jurisdiction Congress provided for by enacting" the Uniformed Services Employment and Reemployment Rights Act of 1994, which permits an aggrieved employee to submit a complaint to the MSPB and petition for

federal review of that decision in the Federal Circuit) (citing *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)). Therefore, the instructions provided to Plaintiff have no impact on this Court's ability to hear Plaintiff's claims.

Finally, Plaintiff asserts "she has not received a 'final order' by the Board but rather a Bench Decision" arguing that only a "final decision of the Board falls within the exclusive jurisdiction of the Federal Circuits." (Doc. # 21-1, at 13). In her Response, Rizzo discusses the fact that when the ALJ issued her initial decision, the MSPB lacked quorum. (*Id.*). Therefore, Rizzo seems to assert that due to the lack of quorum, she does not have a final decision of the Board, rather only an initial decision. However, "[a]fter an administrative law judge renders an initial decision, that decision generally becomes the Board's final decision thirty-five days after issuance" which said date is provided in the ALJ's decision "unless a party files a petition of review to the Board itself." *Conyers v. Dep't of Commerce,* No. GJH-17-1370, 2018 WL 1947073, at *2 (D. Md. Apr. 24, 2018); *Ballard*, 768 F.2d at 762, 764 (noting that after an initial decision is issued, "either party may petition the Board for review." The court goes on to explain that "[w]hen no one seeks administrative review of the initial decision of the presiding official . . . the passage of the 35 days from the time the initial decision issues converts the initial decision into the final decision of the Board. The initial decision itself notifies the parties that it will become the final decision of the Board in 35 days if no further administrative review is sought.").

For example, in *Conyers*, the plaintiff had received an initial decision from an ALJ, and subsequently filed a petition of review with the MSPB, which lacked quorum during that time. *Id*. The defendants argued that because plaintiff had filed a petition for review with the Board prior to the initial decision becoming filed and due to the Board being unable to issue a decision during a lack of quorum, the plaintiff's initial ALJ decision was

not a final decision of the Board. *Id.* Although the district court chose not to rule on the exhaustion issue because only the Federal Circuit had jurisdiction to review the case, the court did note that her initial decision by the ALJ would have become a final decision of the Board if she had not filed a petition for review with the Board prior to the date that decision was to become final. *Id.* at *2 n.5.

Here, the relevant MSPB decision was an initial decision of an ALJ. (Doc. # 16-3). The decision specifically stated it would become final on December 21, 2017, thirty-five days after the initial decision was issued. (*Id.* at 14). No action was taken by either party until January 21, 2018, when Rizzo filed for review of the MSPB decision with the EEOC. Rizzo did not file for review with the Board prior to that date and thus her initial decision became the final decision of the Board which she could seek review of in the Federal Circuit. Accordingly, Rizzo's argument that she has not received a final decision lacks merit.[9]

Alternatively, the Defendant argues that if the Court construes this case as only an appeal of the EEOC's decision not to consider the MSPB decision, the result would be the same as the "record supports the decision of the EEOC that this is not a 'mixed case[.]'" (Doc. # 16-1, at 3). Moreover, in his Reply, the Defendant asserts that the EEOC correctly decided not to consider the appeal pursuant to 5 U.S.C. § 7702(b)(2), and that

---

[9] Rizzo also asserts that a "temporary exception to [the] general rule" that a decision of the MSPB may only be appealed to the Federal Circuit is that "cases [which] involve [whistleblower] reprisal claims [may] be review[ed] in 'any court' of appeals [of] competent jurisdiction." Rizzo is correct that certain MSPB actions which involve pure whistleblower claims may be brought within the federal circuit or any court of appeals of competent jurisdiction. However, she seems to be confused that this Court is not a court of appeals. In her responsive filing, she asserts that a case which involves whistleblower reprisal claims can "be reviewed in "**any court**" of appeals [of] competent jurisdiction." (Doc. # 21-1, at 13) (original emphasis). She has interpreted this phrase to mean any court in which she is appealing to, rather than a federal court of appeals. This Court is not a federal court of appeals; therefore, her argument lacks merit.

§ 7702 "does not provide for appeal from such a declination, but does allow judicial review of the underlying MSPB decision only if the EEOC concurs with the MSPB." (Doc. # 22, at 2) (citing 5 U.S.C. § 7702(b)(5)(A)). However, § 7702 provides that if the EEOC refuses to review a decision of the Board which arises under the statute, then it is a judicially reviewable decision. *See* 5 U.S.C. § 7702(a)(3)(B), (b)(2).[10] Nonetheless, the provisions of § 7702 apply only to mixed cases. *Edwards v. Horner*, No. 90-4002, 1991 WL 128205, at *2 (6th Cir. July 11, 1991) ("As [the] language [of § 7702] makes clear, the types of appeals arising under this statute must be of the 'mixed case' variety . . . ."). "Without [] an allegation of discrimination sufficient to establish a 'mixed case' jurisdiction, 'petitions for judicial review of MSPB action are filed in the Court of Appeals for the Federal Circuit and are reviewed on the administrative record" as articulated in § 7703. *Id.* (citing *Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir. 1986)). Here, the Defendant is correct in his assertion that § 7702 does not provide for appeal of the EEOC's declination in this case, but it is because this case is not mixed. Rather, Rizzo's case is more appropriately construed as being brought pursuant to § 7703, which this Court does not have jurisdiction to hear.

Additionally, to the extent Rizzo's Complaint can be construed as alleging separate causes of action from the MSPB decision, her claims are without merit. As an initial matter, Rizzo asserts in her Complaint a retaliation claim for her whistleblower activities,

---

[10] Section 7702(a)(3)(B) provides "Any decision of the Board *under paragraph (1) of this subsection* shall be a judicially reviewable action as of the date the Commission determines not to consider the decision under subsection (b)(2)" which allows the Commission to decline to consider a decision of the Board. However, while a determination not to consider a decision is judicially reviewable, it only applies to those cases which involve "an action which an employee . . . may appeal to the [MSPB], and" that also "alleges that a basis for the action was discrimination . . ." in other words, mixed cases. § 7702(a)(1).

seeking damages under the Whistleblower Protection Act and Whistleblower Protection Enhancement Act. (Doc. # 2, at 8-9). To the extent she seeks to present this claim separate from her administrative action, this Court lacks jurisdiction. As discussed above, "'[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance'. . . even when the appropriate administrative steps are taken, only a federal court of appeals has the ability to review a WPA decision, not [a district] court." *Manning*, 2017 WL 587979, at *4 (quoting *Stella v. Mineta*, 284 F.3d 142 D.C. Cir. 2002)).

Moreover, Plaintiff asserts that she was subject to intentional infliction of emotional distress "as a result of the Agency's [p]lotted retaliation against her." (*Id.* at 9). However, to the extent Rizzo is asserting a separate tort claim, that claim must be dismissed for failure to exhaust administrative remedies, as Defendant correctly points out. (Doc. # 16-1, at 4). The United States has sovereign immunity for tort suits brought against it, however, the Federal Torts Claims Act ("FTCA") acts as a waiver to this immunity. *Ryan*, 191 F. Supp. 3d at 738. A plaintiff exhausts their administrative remedies if they present their claim to the appropriate agency within two years of its accrual and the agency denies their request. *Pineda-Cabellero v. U.S. Marshals Service*, No. 5:11-cv-126-KKC, 2011 WL 1517987, at *2 (E.D. Ky. April 18, 2011) (citing 28 U.S.C. § 2675(a)). Here, Rizzo has presented no evidence in her Complaint or her Response that she has exhausted any administrative remedies regarding her claim for intentional infliction of emotional distress. Additionally, she does not assert that she argued intentional infliction of emotional distress during her MSPB administrative process. Thus, to the extent Rizzo's intentional infliction of emotional distress allegation can be considered a separate claim from her MSPB appeal, the claim is dismissed.

Plaintiff also alleges that the Agency failed to act in "good faith and fair dealings[.]". (Doc. # 2, at 7).  In her Response, she explains that "the agency failed to act in good faith and only brought her back to work to precipitate an ongoing retaliation scheme[.] (Doc. # 21-1, at 18).  Rizzo does not provide any evidence that she asserted this argument during her administrative process. Further, to the extent she may be asserting a contractual claim, she has not pled the existence of a contractual relationship or that the Agency's failure to act in good faith was based on a contractual relationship.

Finally, in her construed Supplemental Response to Defendant's Motion to Dismiss, Rizzo has attached an Addendum wherein she asserts for the first time what appears to be a claim for discrimination based on disability. (Doc. # 24-1).  Specifically, she asserts that "[i]n August of 2018, the Veteran Benefits Administration made a disability determination of the Plaintiff" and further "claims [that] while working at the VA she had a disability, although it had <u>not</u> been officially determined" at that time. (*Id.*). She alleges that the Agency staff "had already made a medical determination on her" which contributed to ongoing harassment.  (*Id.*).  To the extent Rizzo seeks to assert a new claim for disability discrimination, her claim is without merit.  Rizzo's claim could accurately be characterized as being asserted under the Rehabilitation Act which "provides protection from discrimination based on disability to employees of the federal government, federal agencies, and programs receiving federal funds." *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 423 (E.D. Tex. 2006); 29 U.S.C. § 794.

"To recover a claim under either the ADA or Rehabilitation Act, which in this circuit have the same substantive standard, a plaintiff must show that: (1) [s]he is an individual with a disability; (2) [s]he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and (3) [s]he was discharged solely by reason of

[her] handicap." *Hammond v. Department of Veterans Affairs*, No. 08-10922, 2009 WL 2382539, at *7 (E.D. Mich. July 30, 2009) (quoting *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). However, "[t]he Rehabilitation Act adopts the enforcement scheme and administrative remedies established for federal employees in Title VII cases." *Kurth*, 469 F. Supp. 2d at 423. Administrative remedies "pertaining to federal sector employment discrimination under the Rehabilitation Act are set forth at 29 C.F.R. § 1614." *Peterson v. Henderson*, No. 97-75481, 1998 WL 1119860, at *3 (E.D. Mich. Nov. 13, 1998). Under the provisions, an aggrieved federal employee must first contact an EEO counselor within 45 days of the alleged discriminatory event. *Kurth*, 469 F. Supp. 2d at 423; 29 C.F.R. § 1614.105(a). If the employee is unsatisfied with the EEO counselor's solution, then the employee must file a complaint with the agency which allegedly committed the discrimination. *Id.*; 29 C.F.R. § 1614.106. "Upon receipt of notice of final action taken by the department or agency, an employee has ninety days to appeal with the EEOC or file a suit in federal district court." *Id.* (citing 42 U.S.C. § 2000e-16(c)).

Here, Rizzo does not present any evidence or assert that she has exhausted her administrative remedies on this issue. Rather, she merely asserts that while working at the agency, she was subject to discrimination based upon a disability which had not yet been determined. Accordingly, Rizzo's claim is without merit.

**B.      This case will be dismissed rather than transferred.**

Courts within the Sixth Circuit have dismissed cases deemed not mixed cases, such as this one. *See Manning*, 2017 WL 587979; *Dobbins*, 2007 WL 2509691, at *10 (dismissed with prejudice plaintiff's claims which were related to an MSPB appeal where plaintiff's claim "ceased to be a mixed claim" because he "effectively abandoned any claims of discrimination before [his] MSPB" hearing, thus the court lacked jurisdiction);

*Marr v. Dixon*, No. 93-3768, 1994 WL 514523, at *4 (6th Cir. Sept. 19, 1994) (remanding case for entry of dismissal due to lack of jurisdiction because plaintiff "did not present a true 'mixed' case to the Merit Systems Protection Board."); *but see Edwards* 1991 WL 128205, at *2 (affirming district court's transfer of case to Federal Circuit pursuant to 28 U.S.C. § 1631).

Other courts have transferred a plaintiff's case to the Federal Circuit "upon a finding that the action could have properly been brought in the Federal Circuit at the time that it was filed [in the district court] and that the transfer would be in the interest of justice." *Parola v. IRS*, No. 99-cv-7179(JG), 1999 WL 1215557, at *4 (E.D.N.Y. Dec. 15, 1999) (citing 28 U.S.C. § 1631); *see Wilborn*, 2012 WL 354494, at *5-6 (declining to transfer the case to the Federal Circuit because the plaintiff's petition was untimely). Even if this Court were to follow this approach, Rizzo's case should still be dismissed as it could not have been brought in the Federal Circuit because the action was not timely filed. Because Rizzo's case was not mixed, she had sixty days from the date her MSPB decision became final to file action in the Federal Circuit. *See Abell*, 2018 WL 4471779, at *1. Her MSPB decision provided that it became final on December 21, 2017. (Doc. # 16-3, at 13). Thus, Rizzo's petition for review in the Federal Circuit was due no later than February 20, 2018 (the sixtieth day being a federal holiday). She did not file her complaint in *Rizzo II* until March 9, 2018. Although she did file a petition for review with the EEOC on January 21, 2018 (Doc. # 2, at 11), an "EEOC filing by itself cannot be considered a petition for review by the Federal Circuit[.]" *Oja v. Dep't of the Army*, 405 F.3d 1349, 1355 n.2 (Fed. Cir. 2005).

In *Oja*, the Federal Circuit determined a petition for review which had been transferred from a district court was not timely filed when the petitioner did not file their

original district court case appealing a decision of the MSPB within the sixty-day period provided by 5 U.S.C. § 7703. *Id.* at 1355. Although within that sixty day time period the petitioner had filed a petition for review of the Board's decision with the EEOC, which declined jurisdiction, the Federal Circuit held that the petitioner did not get "the benefit of the . . . EEOC filing date."  Rather, the date to determine whether the case was timely filed pursuant to 28 U.S.C. § 1631 was the date in which the petitioner filed his petition for review in the district court. *Id.* at 1355 n.2.  Here, Rizzo's MSPB decision became final on December 21, 2017.  She had sixty days in which to file action in the Federal Circuit, that date being no later than February 20, 2018.  Although Rizzo filed for review of the Board's decision with the EEOC on January 21, 2018, she does not get the benefit of her EEOC filing date.  Rather, the relevant date to determine whether her action would have been timely brought in the Federal Circuit is the date she filed suit in this Court, being March 9, 2018. Accordingly, because Rizzo failed to file this action until after the sixty-day time period expired on February 20, 2018, this action could not have been properly brought in the Federal Circuit at the time it was filed in this Court, and thus the case should be **dismissed with prejudice**.

IV. **Conclusion**

Accordingly, for the reasons set forth hereinabove, **IT IS ORDERED** as follows:

1) The Court's prior Referral Order (Doc. # 8 at paragraph 2) is hereby **rescinded**;

2) Plaintiff's Motion to Oppose the Agency Motion to Dismiss (Doc. # 24) is **denied** as procedurally improper, and said filing is construed as Plaintiff's Supplemental Response to Defendant's Motion to Dismiss, the Clerk to modify the docket entry consistent herewith;

3) Defendant's Motion to Dismiss (Doc. # 16) is **granted;** and

4) This action is **dismissed with prejudice** and **stricken** from the Court's active docket.

This 25th day of March, 2019.

Signed By:
*David L. Bunning*
United States District Judge